IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CROSS CANYON ENERGY CORP., | § | CASE NO. 10-30747 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |
| | § | |

**EMERGENCY MOTION TO SCHEDULE HEARING DATE FOR (A) APPROVAL OF PREPETITION SOLICITATION; (B) CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION; (C) APPROVAL OF ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS; AND (D) GRANTING RELATED RELIEF**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EMERGENCY OR AN EXPEDITED "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Cross Canyon Energy Corp., debtor and debtor-in-possession, ("Cross Canyon" or the "Debtor"), files this Emergency Motion to Schedule a Hearing Date for (a) Approval of Prepetition Solicitation; (b) Confirmation of Prepackaged Plan of Reorganization; (c) Approval of Assumption or Rejection of Executory Contracts; and (d) Granting Related Relief (the "Motion"). In support of this Motion, the Debtor incorporates the Declaration of Carl A. Chase in Support of Voluntary Petition, First Day Motions and Designation as Complex Bankruptcy Case (the "Chase Declaration") filed contemporaneously herewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 1126(b) and 1129, as complemented by Rule 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

4. On January 29, 2010 (the "Petition Date"), the Debtor commenced this case (the "Case") by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). In a separate motion contemporaneously filed with this Court, the Debtor is requesting expedited confirmation of a prepackaged plan of reorganization (the "Plan").[1]

5. The Debtor has continued to operate and manage its businesses and affairs as a debtor-in-possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. In May 2004, the Debtor was incorporated as ABC Funding, Inc., a Nevada corporation.

7. On September 2, 2008, the Debtor acquired 100% of the capital stock of Voyager Gas Corporation ("Voyager"), and on March 24, 2009 the Debtor was renamed "Cross Canyon Energy Corp."

8. Voyager's assets consist of the oil and gas lease blocks located on approximately 13,700 net acres in Duval County, Texas (the "Duval County Properties").

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Voyager and CCEC Operating Company ("CCEC") are the Debtor's wholly owned subsidiaries.[2]

9. The Debtor's common stock presently is listed on the OTC Bulletin Board and is publically traded under the ticker symbol "CCYE."

10. The Duval County Properties have established production over a substantial acreage position with proved reserves from more than ten different horizons located at depths ranging from 4,000 to 7,500 feet. The designated field name employed by the Railroad Commission of Texas is the Orcones (Frio Vicksburg Consolidated) Field. The primary producing reservoirs are in the Frio, Vicksburg, Jackson and Yegua formations. The acreage has exploratory potential in the Queen City and Wilcox formations. As of June 30, 2009, the Duval County Properties had independently engineered proved reserves of 11.2 Bcfe, based upon that certain independent third party engineering report prepared by Ralph E. Davis Associates, Inc. located in Houston, Texas. By category, this includes 2.3 Bcfe of proved developed producing, 3.9 Bcfe of proved developed non-producing reserves, and 5.0 Bcfe of proved undeveloped reserves. Approximately 70% of total proved reserves are natural gas.

11. The Debtor's business[3] depends heavily on the availability of capital and liquidity. The downturn in the economy, the credit crisis, the Debtor's remedial well workover program results, and the current level of oil and gas prices all have negatively impacted the Debtor's business and its ability to meet its obligations to its senior secured lender, CIT Capital USA, Inc. ("CIT Capital"). The Debtor has obtained the consent of CIT Capital to a recapitalization through a prepackaged plan of reorganization designed to allow the Debtor to

---

[2] The Debtor uses CCEC for banking, financial management and related business matters, although CCEC has no operating assets of its own.
[3] As the Debtor's principal asset, all references to the "debtor's business" includes Voyager.

quickly and successfully exit chapter 11 and continue the exploration, development and exploitation of its assets.

12. The filing of this Case and the expedited confirmation of the Plan are the Debtor's best option to preserve and maximize its assets including the going concern value of its exploration and production business.

13. The Debtor's proposed Plan pays all creditors in full other than Class 4(a) and 4(b). As such, Class 4(a) and 4(b) are impaired and entitled to vote on the Plan, as is Class 10, which is comprised of the Holders of Cross Canyon's Class C Preferred Stock Interests. Class 11 (Common Stock Interests)[4] and Class 12 (Common Stock Option Interests) are not entitled to receive a distribution and, therefore, they are deemed to have rejected the Plan and are not entitled to vote on the Plan.

14. On January 28, 2010, the Debtor commenced the solicitation of acceptances and rejections of the Plan (the "Solicitation") by providing (a) CIT Capital, as administrative agent and lender (the "Administrative Agent") under that certain Revolving Loan Agreement and that certain Term Loan Agreement, both made as of September 2, 2008, and (b) Alan D. Gaines, the sole Class 10 interest holder, with a copy of the Plan, a written disclosure statement relating to the Plan (the "Disclosure Statement"), and a ballot (the "Ballot" and together with the Plan and Disclosure Statement, the "Solicitation Package"), all as more fully set forth in the Declaration of Ira L. Herman (the "Herman Declaration"), filed contemporaneously herewith. The Debtor has scheduled 5:00 p.m. (CT) on January 29, 2010 as the deadline (the "Voting Deadline") by which ballots accepting and rejecting the Plan must actually be received by Thompson & Knight LLP,

---

[4] Although Class 11 is not entitled to receive a distribution, the Plan provides for Class 11 to receive 5% of the common stock of reorganized Cross Canyon, provided that the Bankruptcy Court does not determine that the Debtor is or was required to solicit Class 11.

**EMERGENCY MOTION TO SCHEDULE HEARING DATE FOR
(A) APPROVAL OF PREPETITION SOLICITATION; (B) CONFIRMATION OF
PREPACKAGED PLAN OF REORGANIZATION; (C) APPROVAL OF ASSUMPTION
OR REJECTION OF EXECUTORY CONTRACTS; AND (D) GRANTING RELATED RELIEF - PAGE 4**
513854 000004 DALLAS 2567932.7

as balloting agent for the Debtor. All timely received ballots have been tabulated, as indicated in the Herman Declaration. The Plan carried unanimously.

A summary of the ballots is as follows:

| VOTE TABULATION | | | |
|---|---|---|---|
| **CLASS 4(a)** | | Vote | |
| Name of Claimant | Claim | Yes | No |
| CIT Capital USA, Inc. | | x | |
| Total dollars voting | $11,500,000 | | |
| Total by # claims | 1 | | |
| Yes votes by dollars | $11,500,000 | 100% | |
| Yes votes by number voting | 1 | 100% | |
| **CLASS 4(b)** | | Vote | |
| Name of Claimant | Claim | Yes | No |
| CIT Capital USA, Inc. | | x | |
| Total dollars voting | $22,000,000 | | |
| Total by # claims | 1 | | |
| Yes votes by dollars | $22,000,000 | 100% | |
| Yes votes by number voting | 1 | 100% | |
| **CLASS 10** | | Vote | |
| Name of Claimant | Claim | Yes | No |
| Alan D. Gaines | | x | |
| Total number of shares | 1,000 | 100% | |
| Yes votes by number voting | 1 | 100% | |

## RELIEF REQUESTED

### A. Approval of Solicitation

15.  *Approval of Solicitation Methodology.* Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections are valid only if the Plan was (a) transmitted to substantially all holders of claims and interests in each solicited class, and (b) the balloting period was not unreasonably short. The Rule also requires that the Solicitation comply with Bankruptcy Code §1126(b). The Debtor has transmitted ballots by electronic means to the

Administrative Agent and Alan D. Gaines, to maximize the amount of time these parties had to consider whether to accept or reject the Plan. The Debtor commenced Solicitation on January 28, 2010, and established a 5:00 p.m. (CT) on January 29, 2010 voting deadline (the "<u>Voting Deadline</u>"). The foregoing is reasonable and appropriate under the circumstances as CIT Capital has been involved in the Debtor's restructuring efforts and is fully familiar with the Plan, the structure of the Plan, and the distributions to be made to all classes of creditors and interest holders under the Plan, including, of course, the treatment being afforded on account of the claims of CIT Capital. Further, Mr. Gaines is a director of the Debtor who has been fully informed regarding the Debtor's financial reorganization as set forth in the Plan.

16. The Ballots state in clear and conspicuous language that they must be properly executed, completed, and delivered to Ira L. Herman, Esq. so as to be received no later than the Voting Deadline. The Administrative Agent and Mr. Gaines were given ample opportunity to return the Ballots by facsimile or electronic mail and both have done so. Under the circumstances, the period for Solicitation provided the parties with ample time to consider accepting or rejecting the Plan. Therefore, in view of the totality of circumstances, the Solicitation was adequate and reasonable.

17. *Approval of Solicitation Materials as Containing "Adequate Information."* The Ballots distributed are in the form attached as **Exhibit A** and are consistent with official form number 14, and thus satisfy the requirements of Bankruptcy Rule 3017(d). The Ballots provided the appropriate notice of the time within which acceptances and rejections of the Plan had to be received. The Solicitation Package contains "adequate information," as that phrase is defined in

Bankruptcy Code §1125, sufficient to enable the members of Classes 4(a), 4(b), and 10 to determine whether to accept or reject the Plan.

18.   As stated above, the Solicitation Package was transmitted by electronic means and the parties were given the option to return their ballots by facsimile or electronic mail.  No other creditors and parties-in-interest were provided with a Solicitation Package, as they are: (a) unimpaired, and their acceptance of the Plan is conclusively presumed under Bankruptcy Code §1126(f), (b) not entitled to receive a distribution under the Plan, and are deemed to have rejected the Plan, or (c) not receiving a distribution under the Plan, and are deemed to have rejected the Plan.

19.   *Tabulation Procedures.*   The Debtor did not count or consider any ballot received after the Voting Deadline; any ballot that neither indicated an acceptance or rejection, or indicated both acceptance and rejection of the Plan; any ballot cast by a person or entity that did not hold a claim in a class entitled to vote to accept or reject the Plan; any unsigned ballot; or any form of ballot other than the Ballot distributed.

20.   *Non-transmission of Disclosure Statement to Certain Creditors and Equity Interest Holders*.   Bankruptcy Rule 3017(d) requires that upon approval of a disclosure statement, a debtor shall, unless ordered otherwise by the Court, mail a copy of a plan and disclosure statement to creditors and equity security holders.  The Debtor requests a waiver of this requirement for the following reasons.  First, Bankruptcy Rule 3017(d) does not technically apply and its requirements are not germane, as the Debtor solicited acceptance of the Plan prior to the Petition Date, and thus no Disclosure Statement was "approved."  Second, transmittal of the Disclosure Statement and Plan to holders of claims and interests who are conclusively

presumed to have accepted the Plan would be an unnecessary administrative burden on the Debtor. Therefore, the Debtor requests that the Court (a) authorize the mailing of notice of the filing of the Plan and Disclosure Statement, along with notice of the date and time of the hearing on adequacy of the Disclosure Statement and Confirmation of the Plan and the objection deadlines for same, in the form of the proposed order submitted with this Motion, and (b) deem the mailing of such order to be sufficient to satisfy Bankruptcy Rule 3017(d) under the circumstances of this case for all purposes, including, in lieu of mailing a copy of the Plan and Disclosure Statement to all creditors and equity security holders.

21. With the exception of the Administrative Agent and Alan Gaines, all creditors and parties-in-interest are either being paid in full, are unimpaired, and conclusively presumed to have accepted the Plan, are not entitled to receive a distribution under the Plan, and are deemed to have rejected the Plan, or are not receiving a distribution under the Plan, and are deemed to have rejected the Plan. Accordingly, waiver of the mailing requirements under Bankruptcy Rule 3017(d) is particularly appropriate in this Case.

### B. Confirmation Hearing

22. The confirmation motion, the confirmation brief, and evidence to be adduced at the hearing to confirm the Plan (the "Confirmation Hearing") will establish the Plan meets the requirements for confirmation under Bankruptcy Code § 1129. As set forth in the Disclosure Statement, Classes 4(a), 4(b) and 10 are the only classes entitled to vote to accept or reject the Plan, and each class has voted unanimously to accept the Plan. Accordingly, the Debtor requests immediate consideration of confirmation of its Plan and requests that the Confirmation Hearing be held on March 11, 2010, or as soon thereafter as practicable.

### C. Executory Contracts

23.     The Debtor intends to assume and reject certain contracts concurrently with confirmation of its Plan.  Accordingly, the Debtor requests that this Court schedule a hearing on its motion or motions to assume or reject executory contracts on the same date as the Confirmation Hearing.

### D. Related Relief

24.     The Debtor also seeks relief from compliance with certain requirements in the Bankruptcy Code and Bankruptcy Rules.  Specifically, relying upon Bankruptcy Code §341(e), the Debtor requests that this Court enter an order directing the Office of the United States Trustee not to convene a meeting of creditors or interest holders.  As discussed herein, the Debtor solicited acceptances and rejections of the Plan before the Petition Date and hopes to substantially consummate the Plan and pay all creditors, other than Class 4(a) and 4(b) in full.  Additionally, based on the valuation of the Debtor, equity is not entitled to receive a distribution under the Plan, however, the Debtor's senior lenders have agreed to gift a distribution to equity.  The Debtor, therefore, believes that a waiver of the meeting of creditors and equity security holders is justified, and the Debtor is requesting a Confirmation Hearing for March 11, 2010, or as soon thereafter as practicable.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and granting such other and further relief as this Court may deem proper,

both at law and in equity.

**DATED:** February 1, 2010.

> Respectfully submitted,
> **THOMPSON & KNIGHT LLP**
>
> */s/ Rhett G. Campbell*
> **RHETT G. CAMPBELL**
> Texas State Bar No. 03714500
> Southern District of Texas Bar No. 1034
> Rhett.Campbell@tklaw.com
>
> Three Allen Center
> 333 Clay Street, Suite 3300
> Houston, Texas 77002
> Phone: 713-654-8111
> Fax: 713-654-1871
>
>     -and-
>
> **IRA L. HERMAN**
> Texas State Bar No. 24063314
> Southern District of Texas Bar No. 970176
> Ira.Herman@tklaw.com
>
> **JENNIFER A. CHRISTIAN**
> Jennifer.Christian@tklaw.com
> 919 Third Avenue, 39th Floor
> New York, New York 10022-3915
> Phone: 212-751-3001
> Fax: 212-751-3113
>
> **PROPOSED COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

  I certify that on February 1, 2010, a true and correct copy of the foregoing document was served upon the parties on the attached Proposed Master Service List by overnight express mail.

                   */s/Rhett G. Campbell*
                    One of Counsel