**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO.  10-20088** |
| | § | |
| **CROSS CANYON ENERGY CORP.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | § | |
| | § | Voting Deadline:  January 29, 2010, at 5:00 p.m. (CT) |
| | § | (Your Ballot must be *actually received* by the Balloting |
| | § | Agent by this deadline) |

**BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF**
**REORGANIZATION OF CROSS CANYON ENERGY CORP. PURSUANT TO**
**CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**Class 4(a) – CIT First Lien Lender Claims**

This is a ballot to vote to accept or reject the Prepackaged Plan of Reorganization of Cross Canyon Energy Corp. Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").[1]  If you have more than one claim entitled to vote, you will receive additional ballot(s) on which to cast your vote.  If you have more than one claim in the same Class, you must vote all claims within that Class the same way.

**PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THOMPSON & KNIGHT LLP (THE "BALLOTING AGENT"), ON OR BEFORE JANUARY 29, 2010, AT 5:00 P.M., PREVAILING CENTRAL TIME, AT THE FOLLOWING EMAIL ADDRESS OR FACSIMILE NUMBER:**

Ira L. Herman, Esq.
Thompson & Knight LLP
Email:  ira.herman@tklaw.com
Fax:  (214) 999-9139

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as **Exhibit A** to the Disclosure Statement.  The Disclosure

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF
REORGANIZATION OF CROSS CANYON ENERGY CORP. PURSUANT TO
CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE – PAGE 1
513854 000004 DALLAS 2570944.3

Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is included with this Ballot.

Please complete, sign and date this Ballot and return it to the Balloting Agent at the applicable email address/facsimile number set forth above. **If your Ballot is not ACTUALLY RECEIVED by 5:00 p.m., prevailing Central Time, on January 29, 2010 it will not be counted.**

**By signing this Ballot, you make the following certification:**

- "I have received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

- "I understand that the securities of the Reorganized Debtor issuable in partial satisfaction of my Class 4(a) Claim under the Plan (the "Securities") have not been registered under the Securities Act of 1933, as amended (the "Securities Act"), and are subject to certain contractual restrictions and conditions and may not be sold, pledged or otherwise transferred in compliance with, such restrictions and conditions and the Securities Act, other applicable U.S. state and federal laws and rules and applicable non-U.S. securities laws (unless an exemption from the registration provisions of the Securities Act and other applicable securities laws are available with respect to the proposed sale, pledge or transfer)"; and

- "I further understand that the offering and sale of the Securities issuable under the Plan is intended to be exempt from registration under the Securities Act, by virtue of Section 4(2) thereof and the provisions of Regulation D, Regulation S or Rule 144A, as the case may be, promulgated by the Securities and Exchange Commission, based, in part, upon the truth and accuracy of the following:

    - with respect to the possible reliance on Rule 144A of the Securities Act as a basis for the issuance and sale of the Securities, I represent and warrant that I am not an affiliate (as defined in Rule 501(b) of Regulation D under the Securities Act) of Cross Canyon Energy Corp.;

    - I am aware of what constitutes, and fully understand the definition of, an "accredited investor" as that term is defined in Rule 501(a)(1), (2), (3), or (7) of Regulation D under the Securities Act or a "qualified institutional buyer" as that term is defined in Rule 144A under the Securities Act, as the case may be, and, for purposes of said Regulation D or Rule 144A, represent and warrant that: (i) I am an institutional accredited investor or qualified institutional buyer, as applicable; (ii) I

have such knowledge and experience in financial and business matters as to be capable of evaluating the merits and risks of an investment in the Securities; (iii) I am and any accounts for which I am acting are able to bear the economic risk of such investment for an indefinite period of time and has the ability to bear a complete loss of this investment; (iv) I have had an opportunity to access business and financial information regarding Cross Canyon Energy Corp., the Plan and the Disclosure Statement, and the Securities and have had an opportunity to conduct due diligence, including asking for and receiving answers to my questions; and (v) the Securities or beneficial interest therein to be acquired under the Plan are for my own account or for one or more accounts (each of which is an institutional accredited investor or qualified institutional buyer) as to each of which the undersigned exercises sole investment discretion, and are not being acquired with the view to any distribution thereof in a transaction and would violate the Securities Act or any applicable state securities laws; or

- I am aware of what constitutes, and fully understand the definition of, "U.S. Person" as that term is defined in Regulation S under the Securities Act, and, for purposes of said Regulation S, represent and warrant that:  (i) I am not a U.S. Person as so defined and am not acquiring the Securities for the account or benefit of a U.S. Person; (ii) at the time of the origination of contact concerning this solicitation and the date of the execution and delivery of this Ballot, I was outside of the United States; and (iii) neither I nor any person acting on my behalf, has engaged or will engage in any directed selling efforts to a U.S. Person with respect to the Securities and have complied and will comply with the "offering restrictions" requirements of Regulation S, including selling, pledging or otherwise transferring the Securities in the United States, or to a U.S. Person or the account or for the benefit of a U.S. Person, or otherwise in a manner that is not in compliance with Regulation S."

- "I acknowledge that Cross Canyon Energy Corp. will rely upon the truth and accuracy of the above acknowledgements, representations and agreements.  I agree that if any of the acknowledgements, representations, or agreements I am deemed to have made is no longer accurate, I will promptly notify Cross Canyon Energy Corp.  If I am acquiring any notes as a fiduciary or agent for one or more investors accounts, I represent that I have sole investment discretion with respect to each of those accounts and that I have full power to make the above acknowledgments, representations and agreements on behalf of each account."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm

the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have your vote count you must complete and return this Ballot by 5:00 p.m., prevailing Central Time, so that it is actually received by the Balloting Agent on or before January 29, 2010. Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT JENNIFER A. CHRISTIAN OR IRA L. HERMAN, AT THE BALLOTING AGENT, AT 212-751-3001.**

## **BALLOT**

| $11,500,000 |
| --- |

**Item 1:  Voting Classification and Amount.**  As of January 29, 2010, the undersigned is a holder of a Class 4(a) – CIT First Lien Lender Claim (as defined in the Plan) against the Debtor in the amount set forth above for voting purposes.

**Item 2:  Vote.**  The undersigned votes the above-listed Class 4(a) Claim to (check one box):

☐  Accept the Plan          ☐  Reject the Plan

Name of Creditor: _____
(Print or Type)

By: _____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory: _____

Title: _____
(If Applicable)

Street Address: _____

_____
(City, State and Zip Code)

Telephone Number:  (_____)_____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed: _____

## INSTRUCTIONS FOR COMPLETING BALLOTS

Cross Canyon Energy Corp. is soliciting votes with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. The CIT First Lien Lenders are Class 4(a) creditors under the Plan.

The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

1.    To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate in the boxes provided in Item 2 of the Ballot your decision either to accept or reject the Plan; and (c) sign and return the Ballot to Ira Herman by email (ira.herman@tklaw.com) or facsimile (214-999-9139). The Voting Deadline for the receipt of Ballots by the Balloting Agent is **5:00 p.m. (prevailing Central Time) on January 29, 2010**. By signing the Ballot, in addition to voting, you are making the certifications set forth therein.

2.    For purposes of determining compliance with the Voting Deadline, the time at which the Ballot is received shall be the time at which the email or facsimile transmission is **actually received** by the Balloting Agent. CIT First Lien Lenders should allow sufficient time to assure timely transmission.

3.    If a Ballot is received after the Voting Deadline, it will not be counted. No Ballot should be sent to any of Cross Canyon Energy Corp., Cross Canyon Energy Corp.'s agents (other than the Balloting Agent, as directed), or Cross Canyon Energy Corp.'s financial or legal advisors (other than as directed) and if so sent will not be counted.

4.    You must vote your entire Claim either to accept or reject the Plan and you may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

5.    The delivery of the Ballot does not constitute and shall not be deemed to constitute (a) the filing of a *proof of claim*, or (b) an assertion of a Claim.

6.    Ballots will be accepted from the Administrative Agent for the CIT First Lien Lenders.

7.    **Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as an agent, trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, Cross Canyon Energy Corp., or the Bankruptcy Court, you must submit proper evidence to the requesting party to so act on behalf of such CIT First Lien Lenders. Additionally, please provide your name and mailing address.**

8.      Any Ballot that is completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted and such creditor shall be deemed to have abstained from voting on the Plan.

9.      The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (b) any Ballot cast by any Person that does not hold a Claim; (c) any unsigned Ballot; and (d) any Ballot submitted by any Person not entitled to vote pursuant to the Solicitation Procedures. To the extent such Ballots are actually submitted by or on behalf of any Person entitled to vote on the Plan, such Person shall be deemed to have abstained from voting.

10.     A Ballot may be revoked at any time prior to the Voting Deadline, but not thereafter, by the valid completion and delivery of a new Ballot. If multiple Ballots are received from the same creditor, the last Ballot validly received on or before the Voting Deadline will (a) supersede and revoke any early received Ballot and (b) control as to such creditor's vote to accept or reject the Plan.

11.     Any Ballot validly delivered prior to the Voting Deadline by any creditor entitled to vote shall be binding against such creditor in a bankruptcy proceeding filed by Cross Canyon Energy Corp. under chapter 11, title 11 of the United States Code. Subject to the satisfaction or waiver of the conditions precedent to the Plan going effective contained in the Disclosure Statement, including the delivery of sufficient votes for the Plan and entry of the Confirmation Order, on the Effective Date the holders of all Class 4(a) Claims solicited hereby shall receive the Securities as provided in the Plan. If the Effective Date does not occur on or prior to March 31, 2010, any and all votes accepting or rejecting the Plan by any creditors validly delivering a Ballot, shall be rendered null and void *ab initio.*

12.     All questions as to the validity, form, eligibility (including time of receipt of Ballot) and acceptance of a vote will be resolved by Cross Canyon Energy Corp., in its sole discretion, which resolution shall be final and binding. Cross Canyon Energy Corp. reserves the right to reject any and all votes not validly given or any votes, Cross Canyon Energy Corp.'s acceptance of which could, in its opinion or the opinion of its counsel, be unlawful. Cross Canyon Energy Corp. also reserves the right to waive any defects or irregularities in the delivery of a Ballot or modify the conditions to the solicitation thereof. Unless waived, any defects or irregularities in connection with deliveries of votes must be cured within such time as Cross Canyon Energy Corp. shall determine. None of Cross Canyon Energy Corp., the Balloting Agent, or any other person shall be under any duty to give notification of defects, irregularities or waivers with respect to deliveries of votes, nor shall any of them incur any liability for failure to give such notification.

**PLEASE TRANSMIT YOUR BALLOT PROMPTLY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20088 |
| | § | |
| CROSS CANYON ENERGY CORP., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | Voting Deadline: January 29, 2010, at 5:00 p.m. (CT) |
| | § | (Your Ballot must be *actually received* by the Balloting |
| | § | Agent by this deadline) |

BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF
REORGANIZATION OF CROSS CANYON ENERGY CORP. PURSUANT TO
CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

Class 4(b) – CIT Second Lien Lender Claims

This is a ballot to vote to accept or reject the Prepackaged Plan of Reorganization of Cross Canyon Energy Corp. Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").[1]  If you have more than one claim entitled to vote, you will receive additional ballot(s) on which to cast your vote.  If you have more than one claim in the same Class, you must vote all claims within that Class the same way.

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THOMPSON & KNIGHT LLP (THE "BALLOTING AGENT"), ON OR BEFORE JANUARY 29, 2010, AT 5:00 P.M., PREVAILING CENTRAL TIME, AT THE FOLLOWING EMAIL ADDRESS OR FACSIMILE NUMBER:

Ira L. Herman, Esq.
Thompson & Knight LLP
Email: ira.herman@tklaw.com
Fax:  (214) 999-9139

PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement"). A copy of the Plan is attached as **Exhibit A** to the Disclosure Statement.  The Disclosure

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is included with this Ballot.

Please complete, sign and date this Ballot and return it to the Balloting Agent at the applicable email address/facsimile number set forth above. **If your Ballot is not ACTUALLY RECEIVED by 5:00 p.m., prevailing Central Time, on January 29, 2010 it will not be counted.**

**By signing this Ballot, you make the following certification:**

- "I have received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

- "I understand that the securities of the Reorganized Debtor issuable in partial satisfaction of my Class 4(b) Claim under the Plan (the "Securities") have not been registered under the Securities Act of 1933, as amended (the "Securities Act"), and are subject to certain contractual restrictions and conditions and may not be sold, pledged or otherwise transferred in compliance with, such restrictions and conditions and the Securities Act, other applicable U.S. state and federal laws and rules and applicable non-U.S. securities laws (unless an exemption from the registration provisions of the Securities Act and other applicable securities laws are available with respect to the proposed sale, pledge or transfer)"; and

- "I further understand that the offering and sale of the Securities issuable under the Plan is intended to be exempt from registration under the Securities Act, by virtue of Section 4(2) thereof and the provisions of Regulation D, Regulation S or Rule 144A, as the case may be, promulgated by the Securities and Exchange Commission, based, in part, upon the truth and accuracy of the following:

  - with respect to the possible reliance on Rule 144A of the Securities Act as a basis for the issuance and sale of the Securities, I represent and warrant that I am not an affiliate (as defined in Rule 501(b) of Regulation D under the Securities Act) of Cross Canyon Energy Corp.;

  - I am aware of what constitutes, and fully understand the definition of, an "accredited investor" as that term is defined in Rule 501(a)(1), (2), (3), or (7) of Regulation D under the Securities Act or a "qualified institutional buyer" as that term is defined in Rule 144A under the Securities Act, as the case may be, and, for purposes of said Regulation D or Rule 144A, represent and warrant that: (i) I am an institutional accredited investor or qualified institutional buyer, as applicable; (ii) I

have such knowledge and experience in financial and business matters as to be capable of evaluating the merits and risks of an investment in the Securities; (iii) I am and any accounts for which I am acting are able to bear the economic risk of such investment for an indefinite period of time and has the ability to bear a complete loss of this investment; (iv) I have had an opportunity to access business and financial information regarding Cross Canyon Energy Corp., the Plan and the Disclosure Statement, and the Securities and have had an opportunity to conduct due diligence, including asking for and receiving answers to my questions; and (v) the Securities or beneficial interest therein to be acquired under the Plan are for my own account or for one or more accounts (each of which is an institutional accredited investor or qualified institutional buyer) as to each of which the undersigned exercises sole investment discretion, and are not being acquired with the view to any distribution thereof in a transaction and would violate the Securities Act or any applicable state securities laws; or

- I am aware of what constitutes, and fully understand the definition of, "U.S. Person" as that term is defined in Regulation S under the Securities Act, and, for purposes of said Regulation S, represent and warrant that: (i) I am not a U.S. Person as so defined and am not acquiring the Securities for the account or benefit of a U.S. Person; (ii) at the time of the origination of contact concerning this solicitation and the date of the execution and delivery of this Ballot, I was outside of the United States; and (iii) neither I nor any person acting on my behalf, has engaged or will engage in any directed selling efforts to a U.S. Person with respect to the Securities and have complied and will comply with the "offering restrictions" requirements of Regulation S, including selling, pledging or otherwise transferring the Securities in the United States, or to a U.S. Person or the account or for the benefit of a U.S. Person, or otherwise in a manner that is not in compliance with Regulation S."

- "I acknowledge that Cross Canyon Energy Corp. will rely upon the truth and accuracy of the above acknowledgements, representations and agreements. I agree that if any of the acknowledgements, representations, or agreements I am deemed to have made is no longer accurate, I will promptly notify Cross Canyon Energy Corp. If I am acquiring any notes as a fiduciary or agent for one or more investors accounts, I represent that I have sole investment discretion with respect to each of those accounts and that I have full power to make the above acknowledgments, representations and agreements on behalf of each account."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm

the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have your vote count you must complete and return this Ballot by 5:00 p.m., prevailing Central Time, so that it is actually received by the Balloting Agent on or before January 29, 2010. Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT JENNIFER A. CHRISTIAN OR IRA L. HERMAN, AT THE BALLOTING AGENT, AT 212-751-3001.**

# BALLOT

| $22,000,000 |
|---|

**Item 1:  Voting Classification and Amount.**  As of January 29, 2010, the undersigned is a holder of a Class 4(b) – CIT Second Lien Lender Claim (as defined in the Plan) against the Debtor in the amount set forth above for voting purposes.

**Item 2:  Vote.**  The undersigned votes the above-listed Class 4(b) Claim to (check one box):

☐  Accept the Plan          ☐  Reject the Plan

Name of Creditor:  _____
                          (Print or Type)

By: _____
          (Signature of Creditor or Authorized Agent)

Print Name of Signatory:  _____

Title: _____
          (If Applicable)

Street Address:  _____

_____
          (City, State and Zip Code)

Telephone Number:  (_____) _____

_____
          (Social Security or Federal Tax I.D. No.)

Date Completed: _____

## INSTRUCTIONS FOR COMPLETING BALLOTS

Cross Canyon Energy Corp. is soliciting votes with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. The CIT Second Lien Lenders are Class 4(b) creditors under the Plan.

The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

1. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate in the boxes provided in Item 2 of the Ballot your decision either to accept or reject the Plan; and (c) sign and return the Ballot to Ira Herman by email (ira.herman@tklaw.com) or facsimile (214-999-9139). The Voting Deadline for the receipt of Ballots by the Balloting Agent is **5:00 p.m. (prevailing Central Time) on January 29, 2010**. By signing the Ballot, in addition to voting, you are making the certifications set forth therein.

2. For purposes of determining compliance with the Voting Deadline, the time at which the Ballot is received shall be the time at which the email or facsimile transmission is **actually received** by the Balloting Agent. CIT Second Lien Lenders should allow sufficient time to assure timely transmission.

3. If a Ballot is received after the Voting Deadline, it will not be counted. No Ballot should be sent to any of Cross Canyon Energy Corp., Cross Canyon Energy Corp.'s agents (other than the Balloting Agent, as directed), or Cross Canyon Energy Corp.'s financial or legal advisors (other than as directed) and if so sent will not be counted.

4. You must vote your entire Claim either to accept or reject the Plan and you may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

5. The delivery of the Ballot does not constitute and shall not be deemed to constitute (a) the filing of a *proof of claim*, or (b) an assertion of a Claim.

6. Ballots will be accepted from the Administrative Agent for the CIT Second Lien Lenders.

7. **Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as an agent, trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, Cross Canyon Energy Corp., or the Bankruptcy Court, you must submit proper evidence to the requesting party to so act on behalf of such CIT Second Lien Lenders. Additionally, please provide your name and mailing address.**

8.   Any Ballot that is completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted and such creditor shall be deemed to have abstained from voting on the Plan.

9.   The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (b) any Ballot cast by any Person that does not hold a Claim; (c) any unsigned Ballot; and (d) any Ballot submitted by any Person not entitled to vote pursuant to the Solicitation Procedures. To the extent such Ballots are actually submitted by or on behalf of any Person entitled to vote on the Plan, such Person shall be deemed to have abstained from voting.

10.   A Ballot may be revoked at any time prior to the Voting Deadline, but not thereafter, by the valid completion and delivery of a new Ballot.  If multiple Ballots are received from the same creditor, the last Ballot validly received on or before the Voting Deadline will (a) supersede and revoke any early received Ballot and (b) control as to such creditor's vote to accept or reject the Plan.

11.   Any Ballot validly delivered prior to the Voting Deadline by any creditor entitled to vote shall be binding against such creditor in a bankruptcy proceeding filed by Cross Canyon Energy Corp. under chapter 11, title 11 of the United States Code. Subject to the satisfaction or waiver of the conditions precedent to the Plan going effective contained in the Disclosure Statement, including the delivery of sufficient votes for the Plan and entry of the Confirmation Order, on the Effective Date the holders of all Class 4(b) Claims solicited hereby shall receive the Securities as provided in the Plan.  If the Effective Date does not occur on or prior to March 31, 2010, any and all votes accepting or rejecting the Plan by any creditors validly delivering a Ballot, shall be rendered null and void *ab initio.*

12.   All questions as to the validity, form, eligibility (including time of receipt of Ballot) and acceptance of a vote will be resolved by Cross Canyon Energy Corp., in its sole discretion, which resolution shall be final and binding.  Cross Canyon Energy Corp. reserves the right to reject any and all votes not validly given or any votes, Cross Canyon Energy Corp.'s acceptance of which could, in its opinion or the opinion of its counsel, be unlawful.  Cross Canyon Energy Corp. also reserves the right to waive any defects or irregularities in the delivery of a Ballot or modify the conditions to the solicitation thereof.  Unless waived, any defects or irregularities in connection with deliveries of votes must be cured within such time as Cross Canyon Energy Corp. shall determine.  None of Cross Canyon Energy Corp., the Balloting Agent, or any other person shall be under any duty to give notification of defects, irregularities or waivers with respect to deliveries of votes, nor shall any of them incur any liability for failure to give such notification.

## PLEASE TRANSMIT YOUR BALLOT PROMPTLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-20088 |
| | § | |
| CROSS CANYON ENERGY CORP., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | Voting Deadline:  January 29, 2010, at 5:00 p.m. (CT) |
| | § | (Your Ballot must be *actually received* by the Balloting |
| | § | Agent by this deadline) |

**BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF
REORGANIZATION OF CROSS CANYON ENERGY CORP. PURSUANT TO
CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**Class 10 - Class C Preferred Stock Interests**

This is a ballot to vote to accept or reject the Prepackaged Plan of Reorganization of Cross Canyon Energy Corp. Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").[1]  If you have more than one claim entitled to vote, you will receive additional ballot(s) on which to cast your vote.  If you have more than one claim in the same Class, you must vote all claims within that Class the same way.

**PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THOMPSON & KNIGHT LLP (THE "BALLOTING AGENT"), ON OR BEFORE JANUARY 29, 2010, AT 5:00 P.M., PREVAILING CENTRAL TIME, AT THE FOLLOWING EMAIL ADDRESS OR FACSIMILE NUMBER:**

Ira L. Herman, Esq.
Thompson & Knight LLP
Email:  ira.herman@tklaw.com
Fax:  (214) 999-9139

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as **Exhibit A** to the Disclosure Statement.  The Disclosure

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

BALLOT FOR ACCEPTING OR REJECTING THE PREPACKAGED PLAN OF
REORGANIZATION OF CROSS CANYON ENERGY CORP. PURSUANT TO
CHAPTER 11 OF THE UNTIED STATES BANKRUPTCY CODE – PAGE 1
513854 000004 DALLAS 2571085.3

Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is included with this Ballot.

Please complete, sign and date this Ballot and return it to the Balloting Agent at the applicable email address/facsimile number set forth above. **If your Ballot is not ACTUALLY RECEIVED by 5:00 p.m., prevailing Central Time, on January 29, 2010 it will not be counted.**

**By signing this Ballot, you make the following certification:**

- "I have received or obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

- "I understand that the securities of the Reorganized Debtor issuable in partial satisfaction of my Class 10 Claim under the Plan (the "Securities") have not been registered under the Securities Act of 1933, as amended (the "Securities Act"), and are subject to certain contractual restrictions and conditions and may not be sold, pledged or otherwise transferred in compliance with, such restrictions and conditions and the Securities Act, other applicable U.S. state and federal laws and rules and applicable non-U.S. securities laws (unless an exemption from the registration provisions of the Securities Act and other applicable securities laws are available with respect to the proposed sale, pledge or transfer)"; and

- "I further understand that the offering and sale of the Securities issuable under the Plan is intended to be exempt from registration under the Securities Act, by virtue of Section 4(2) thereof and the provisions of Regulation D, Regulation S or Rule 144A, as the case may be, promulgated by the Securities and Exchange Commission, based, in part, upon the truth and accuracy of the following:

  - with respect to the possible reliance on Rule 144A of the Securities Act as a basis for the issuance and sale of the Securities, I represent and warrant that I am not an affiliate (as defined in Rule 501(b) of Regulation D under the Securities Act) of Cross Canyon Energy Corp.;

  - I am aware of what constitutes, and fully understand the definition of, an "accredited investor" as that term is defined in Rule 501(a)(1), (2), (3), or (7) of Regulation D under the Securities Act or a "qualified institutional buyer" as that term is defined in Rule 144A under the Securities Act, as the case may be, and, for purposes of said Regulation D or Rule 144A, represent and warrant that: (i) I am an institutional accredited investor or qualified institutional buyer, as applicable; (ii) I

have such knowledge and experience in financial and business matters as to be capable of evaluating the merits and risks of an investment in the Securities; (iii) I am and any accounts for which I am acting are able to bear the economic risk of such investment for an indefinite period of time and has the ability to bear a complete loss of this investment; (iv) I have had an opportunity to access business and financial information regarding Cross Canyon Energy Corp., the Plan and the Disclosure Statement, and the Securities and have had an opportunity to conduct due diligence, including asking for and receiving answers to my questions; and (v) the Securities or beneficial interest therein to be acquired under the Plan are for my own account or for one or more accounts (each of which is an institutional accredited investor or qualified institutional buyer) as to each of which the undersigned exercises sole investment discretion, and are not being acquired with the view to any distribution thereof in a transaction and would violate the Securities Act or any applicable state securities laws; or

- I am aware of what constitutes, and fully understand the definition of, "U.S. Person" as that term is defined in Regulation S under the Securities Act, and, for purposes of said Regulation S, represent and warrant that: (i) I am not a U.S. Person as so defined and am not acquiring the Securities for the account or benefit of a U.S. Person; (ii) at the time of the origination of contact concerning this solicitation and the date of the execution and delivery of this Ballot, I was outside of the United States; and (iii) neither I nor any person acting on my behalf, has engaged or will engage in any directed selling efforts to a U.S. Person with respect to the Securities and have complied and will comply with the "offering restrictions" requirements of Regulation S, including selling, pledging or otherwise transferring the Securities in the United States, or to a U.S. Person or the account or for the benefit of a U.S. Person, or otherwise in a manner that is not in compliance with Regulation S."

- "I acknowledge that Cross Canyon Energy Corp. will rely upon the truth and accuracy of the above acknowledgements, representations and agreements. I agree that if any of the acknowledgements, representations, or agreements I am deemed to have made is no longer accurate, I will promptly notify Cross Canyon Energy Corp. If I am acquiring any notes as a fiduciary or agent for one or more investors accounts, I represent that I have sole investment discretion with respect to each of those accounts and that I have full power to make the above acknowledgments, representations and agreements on behalf of each account."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm

the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  **To have your vote count you must complete and return this Ballot by 5:00 p.m., prevailing Central Time, so that it is actually received by the Balloting Agent on or before January 29, 2010.  Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtors of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT JENNIFER A. CHRISTIAN OR IRA L. HERMAN, AT THE BALLOTING AGENT, AT 212-751-3001.**

# BALLOT

| |
|---|
| 1,000 shares |

**Item 1: Voting Classification and Amount.** As of January 29, 2010, the undersigned is a holder of a Class 10 – Class C Preferred Stock Interest (as defined in the Plan) against the Debtor in the amount set forth above for voting purposes.

**Item 2: Vote.** The undersigned votes the above-listed Class 10 – Class C Preferred Stock Interests to (check one box):

| |
|---|
| ☐  Accept the Plan          ☐  Reject the Plan |

Name of Creditor: _____
(Print or Type)

By: _____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory: _____

Title: _____
(If Applicable)

Street Address: _____

_____
(City, State and Zip Code)

Telephone Number: (_____)_____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed: _____

## INSTRUCTIONS FOR COMPLETING BALLOTS

Cross Canyon Energy Corp. is soliciting votes with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Class C Preferred Stock Interests are Class 10 interests under the Plan.

The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

1.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate in the boxes provided in Item 2 of the Ballot your decision either to accept or reject the Plan; and (c) sign and return the Ballot to Ira Herman by email (ira.herman@tklaw.com) or facsimile (214-999-9139). The Voting Deadline for the receipt of Ballots by the Balloting Agent is **5:00 p.m. (prevailing Central Time) on January 29, 2010**. By signing the Ballot, in addition to voting, you are making the certifications set forth therein.

2.  For purposes of determining compliance with the Voting Deadline, the time at which the Ballot is received shall be the time at which the email or facsimile transmission is **actually received** by the Balloting Agent. Class C Preferred Stock Interest holders should allow sufficient time to assure timely transmission.

3.  If a Ballot is received after the Voting Deadline, it will not be counted. No Ballot should be sent to any of Cross Canyon Energy Corp., Cross Canyon Energy Corp.'s agents (other than the Balloting Agent, as directed), or Cross Canyon Energy Corp.'s financial or legal advisors (other than as directed) and if so sent will not be counted.

4.  You must vote your entire Claim either to accept or reject the Plan and you may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

5.  The delivery of the Ballot does not constitute and shall not be deemed to constitute (a) the filing of a *proof of claim*, or (b) an assertion of a Claim.

6.  **Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as an agent, trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Balloting Agent, Cross Canyon Energy Corp., or the Bankruptcy Court, you must submit proper evidence to the requesting party to so act on behalf of such Class C Preferred Stock Interests. Additionally, please provide your name and mailing address.**

7.  Any Ballot that is completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the

Plan will not be counted and such interest holder shall be deemed to have abstained from voting on the Plan.

8.   The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the interest holder; (b) any Ballot cast by any Person that does not hold a Claim; (c) any unsigned Ballot; and (d) any Ballot submitted by any Person not entitled to vote pursuant to the Solicitation Procedures. To the extent such Ballots are actually submitted by or on behalf of any Person entitled to vote on the Plan, such Person shall be deemed to have abstained from voting.

9.   A Ballot may be revoked at any time prior to the Voting Deadline, but not thereafter, by the valid completion and delivery of a new Ballot.  If multiple Ballots are received from the same interest holder, the last Ballot validly received on or before the Voting Deadline will (a) supersede and revoke any early received Ballot and (b) control as to such interest holder's vote to accept or reject the Plan.

10.  Any Ballot validly delivered prior to the Voting Deadline by any interest holder entitled to vote shall be binding against such interest holder in a bankruptcy proceeding filed by Cross Canyon Energy Corp. under chapter 11, title 11 of the United States Code.  Subject to the satisfaction or waiver of the conditions precedent to the Plan going effective contained in the Disclosure Statement, including the delivery of sufficient votes for the Plan and entry of the Confirmation Order, on the Effective Date the holders of all Class C Preferred Stock Interests solicited hereby shall receive the Securities as provided in the Plan. If the Effective Date does not occur on or prior to March 31, 2010, any and all votes accepting or rejecting the Plan by any interest holders validly delivering a Ballot, shall be rendered null and void *ab initio*.

11.  All questions as to the validity, form, eligibility (including time of receipt of Ballot) and acceptance of a vote will be resolved by Cross Canyon Energy Corp., in its sole discretion, which resolution shall be final and binding.  Cross Canyon Energy Corp. reserves the right to reject any and all votes not validly given or any votes, Cross Canyon Energy Corp.'s acceptance of which could, in its opinion or the opinion of its counsel, be unlawful.  Cross Canyon Energy Corp. also reserves the right to waive any defects or irregularities in the delivery of a Ballot or modify the conditions to the solicitation thereof.  Unless waived, any defects or irregularities in connection with deliveries of votes must be cured within such time as Cross Canyon Energy Corp. shall determine.  None of Cross Canyon Energy Corp., the Balloting Agent, or any other person shall be under any duty to give notification of defects, irregularities or waivers with respect to deliveries of votes, nor shall any of them incur any liability for failure to give such notification.

**PLEASE TRANSMIT YOUR BALLOT PROMPTLY**