

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/11/2010

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CROSS CANYON ENERGY CORP., | § | CASE NO. 10-30747 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |
| | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION

*(19, 73)*

On March 11, 2010, the Court held its hearing to consider (a) the adequacy of the Disclosure Statement filed with regard to the Prepackaged Plan of Reorganization of Cross Canyon Energy Corp. Pursuant to Chapter 11 of the Bankruptcy Code; (b) the approval of the Debtor's solicitation of acceptances and rejections of the Plan;[1] and (c) confirmation of the Plan. The Court having considered the evidence presented, including the testimony of Carl A. Chase Loretta Cross, other witnesses, if any, and the Declaration Regarding Solicitation of Acceptances and Rejections of Prepackaged Plan of Reorganization of Cross Canyon Energy Corp. Pursuant to Chapter 11 of the Bankruptcy Code and Certifying Votes on and Tabulation of Ballots With Respect To Same (the "<u>Tabulation Declaration</u>"), any objection to confirmation and replies thereto, and having heard and considered all arguments and evidence presented at the hearing on confirmation of the Plan, and on the basis of the evidence presented, the Court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052:[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.
[2] Any findings of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

513854 000004 DALLAS 258752.1
FINDINGS OF FACT AND CONCLUSION OF LAW
REGARDING APPROVAL OF DISCLOSURE STATEMENT,
SOLICITATION AND CONFIRMATION OF PREPACKAGED
PLAN OF REORGANIZATION – PAGE 1

1.    **Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).** This Court has jurisdiction over the Debtor's Chapter 11 Case under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan, approval of the Disclosure Statement, and approval of the solicitation materials are core proceedings under 28 U.S.C. §§ 157(b)(2)(A) and (L), over which the Court has exclusive jurisdiction.

2.    **Judicial Notice.** The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, and, to the extent appropriate, all evidence and arguments made, proffered, or adduced at any hearing held before the Court.

3.    **Adequacy of Disclosure Statement.** The Disclosure Statement, together with the solicitation package contains "adequate information," as such term is defined in Section 1125(a)(1) and as used in Section 1126(b) of the Bankruptcy Code with respect to the Debtor, the Plan, and the transactions contemplated by the Plan.

4.    **Adequacy of Solicitation.** Votes for acceptance or rejection of the Plan were solicited prior to the Petition Date from holders of Class 4(a) Claims, Class 4(b) Claims, and Class 10 Interests in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3018(b), and all other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules under the circumstances. All procedures used to distribute the solicitation packages to the holders of Claims and Interests in Class 4(a), Class 4(b) and Class 10 and to tabulate ballots were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules and all other applicable rules, laws, and regulations. The period during which the Debtor solicited acceptances to the Plan (a) was reasonable under the circumstances as the CIT First Lien Lenders and the CIT Second Lien

Lenders (the "CIT Lenders"), holders of the Class 4(a) and Class 4(b) Claims, and the holder of the Class 10 Interest, have been involved in the Debtor's restructuring efforts and are fully familiar with the Plan, the structure of the Plan, and the distributions to be made to all classes of creditors and interest holders under the Plan, and (b) enabled holders of Claims and Interests in Classes 4(a), 4(b) and 10 to make an informed decision to accept or reject the Plan. The Debtor was not required to solicit votes from any other Class under the Plan because each such class is either (a) unimpaired, (b) deemed to reject the Plan, (c) not entitled to receive a distribution under the Plan, or (d) not receiving a distribution under the Plan. The Debtor's prepetition solicitation of votes on the Plan from Classes 4(a), 4(b) and 10 was appropriate and satisfactory under the circumstances, and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable laws, rules and regulations. The Debtor, the Reorganized Debtor, the CIT Lenders, the New Senior Secured Credit Facility Lender, the Administrative Agent, and all affiliates, shareholders, officers, directors, employees, attorneys and advisors to each of the foregoing that may have participated in the solicitation of acceptances and rejections of the Plan or participated in the formulation of the Plan, did so in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules and, therefore, are entitled to the protections of Section 1125(e) of the Bankruptcy Code.

5.  **Transmittal and Mailing of Materials.** The Plan establishes twelve classes of Claims and Interests. Creditors in classes 1-3 and 5-8 are unimpaired by the Plan, are deemed to accept the Plan and no solicitation was necessary with regard to the Plan. No solicitation was required as to Class 9 inter-company claims because there are none and if there were, the Plan provides for payment in full and in the ordinary course pursuant to one or more orders of this Court.

Classes 4(a), 4(b) and 10 were solicited by the Debtor. Classes 4(a) and 4(b) are the CIT First Lien Lender Claims and CIT Second Lien Lender Claims, respectively. Class 10 is the Class C Preferred Stock Interest in the Debtor. Debtor's counsel commenced delivery of the solicitation package to the CIT Lenders and Alan D. Gaines, the sole Class C Preferred Stock Interest Holder, *via* electronic mail, on January 28, 2010. The prepetition delivery of solicitation packages, including the Ballot, was adequate and sufficient under the circumstances.

6. **Post-Petition Date Notice.** On February 4, 2010, the Debtor, by first class mail, provided notice to the parties listed on its Global Service list of the hearing to determine the adequacy of the Disclosure Statement, the adequacy of the prepetition solicitation, to confirm the Plan and to assume certain executory contracts and leases (the "Confirmation Hearing"). Notice, as described herein, is adequate and sufficient under the circumstances and no other or further notice is or shall be required.

7. **Section 341 Waiver.** Classes 4(a), 4(b) and 10 were the only Classes solicited and have voted unanimously to accept the Plan. Holders of Class 11 and Class 12 Interests are (a) not entitled to receive a distribution under the Plan, (b) are deemed to have rejected the Plan, (c) are not entitled to vote to accept or reject the Plan, and (d) are not receiving a distribution under the Plan. All creditors of the Debtor are being fully paid and are not Impaired by the Plan, other than Class 4(a) and Class 4(b) creditors. For these reasons, the Court has previously found and now reaffirms that cause exists to excuse the Debtor from any of the requirements of Section 341 of the Bankruptcy Code to appear at a meeting of creditors.

8. **Impaired Classes that Have Voted to Accept the Plan.** Classes 4(a) (CIT First Lien Lender Claims), 4(b) (CIT Second Lien Lender Claims) and 10 (Class C Preferred Stock Interests) are Impaired within the meaning of Section 1124 of the Bankruptcy Code. The Court

finds that all voting holders of Claims and Interests in Classes 4(a), 4(b) and 10 voted to accept the Plan, pursuant to the requirements of Sections 1124 and 1126 of the Bankruptcy Code. Thus, at least one Impaired class of Claims has voted to accept the Plan.

9. **Classes Deemed to Have Accepted the Plan.** Class 1 (Administrative Claims), Class 2 (Priority Tax Claims), Class 3 (Other Priority Claims), Class 5 (Royalty Claims), Class 6 (Other Secured Claims), Class 7 (General Unsecured Claims), and Class 8 (Subordinated Unsecured Claims) are not Impaired by the Plan and are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and will receive the treatment required by Section 1124 of the Bankruptcy Code. The Court has not required the Debtor to transmit copies of the solicitation package to holders of unimpaired Claims.

10. **Classes Deemed to Have Rejected the Plan.** There are no Class 9 Claims (Intercompany Claims). Class 11 (Common Stock Interests) and Class 12 (Common Stock Option Interests) are Impaired and are not entitled to receive a distribution under the Plan, are deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan.

11. **Releases, Exculpations and Injunctions.** Each of the release, exculpation and injunction provisions set forth in the Plan with respect to the Debtor, the Reorganized Debtor, the Estate, the Administrative Agent, the CIT Lenders and any of their respective directors, officers, employees, agents, representatives, partners, subsidiaries, affiliates, counsel, other advisors, successors or assigns: (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to Section 1123(a)(5); (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtor, the Estate, the Reorganized

Debtor, and creditors; (e) is essential to the overall objectives of the Plan of finally resolving all Claims against the principal parties in interest in the Chapter 11 Case with respect to the Debtor; and (f) is consistent with Sections 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code. The New Senior Secured Credit Facility is essential to the successful reorganization of the Debtor. The New Senior Secured Credit Facility Lender have made clear their requirement of receiving the release, exculpation and injunction provisions contained in the Plan. Without the consent of the CIT Lenders and the New Senior Secured Credit Facility Lender, the Debtor is facing certain liquidation. The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation, and injunction provisions contained in the Plan.

12. **Exit Financing Under Plan**. The Plan contemplates that the Debtor will obtain the New Senior Secured Credit Facility from the CIT First Lien Lenders to pay all Allowed Claims, and to fund working capital and other general corporate expenses of the Reorganized Debtor after the Effective Date. The New Senior Secured Credit Facility consists of new notes in an aggregate principal amount of $10 million. The New Senior Secured Credit Facility shall be evidenced by documents substantially in the form of the documents attached as **Exhibit L** to the Disclosure Statement (the "New Senior Secured Credit Facility Documents"). The Debtor, the CIT Lenders, and the New Senior Secured Credit Facility Lender are acting in good faith and have negotiated the terms of the New Senior Secured Credit Facility at arm's length. The Debtor's entry into the New Senior Secured Credit Facility Documents, consistent with the New Senior Secured Credit Facility, the granting of security interests, liens and mortgages to the New Senior Secured Credit Lenders, and the payment of fees in connection therewith are in the best interest of the Debtor, the Estate, creditors, other parties-in-interest and is necessary to the consummation of the Plan. Without the

New Senior Secured Credit Facility, the Debtor would be forced to liquidate. All documents necessary to implement the New Senior Secured Credit Facility shall, upon execution, be valid, binding, and enforceable agreements.

13. **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

(a) **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).** The Plan designates twelve classes of Claims and Interests. The Claims and Interests placed in each class are substantially similar to other Claims and Interests, as the case may be, in each such class. Valid business, factual, and legal reasons exist for separately classifying such classes of Claims and Interests, and such classifications do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b) **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).** Article II of the Plan specifies that Classes 1, 2, 3, 5, 6, 7 and 8 are unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

(c) **Specify Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3)).** Article II of the Plan designates Classes 4(a), 4(b), 10, 11 and 12 as Impaired and specifies the treatment of the Claims and Interests in these classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

(d) **No Discrimination (11 U.S.C. § 1123(a)(4)).** The Plan provides for the same treatment by the Debtor for each Claim or Interest in each class, unless the

holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

(e) **Implementation Of Plan (11 U.S.C. § 1123(a)(5)).** The Plan provides adequate and proper means for its implementation, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code.

(f) **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** Article III.E, Section 3.6 of the Plan provides that the certificate of incorporation of the Reorganized Debtor will be amended as of the Effective Date to the extent necessary to satisfy Section 1123(a)(6) of the Bankruptcy Code.

(g) **Selection Of Officers And Directors (11 U.S.C. § 1123(a)(7)).** In its Disclosure Statement, the Debtor disclosed that the post-confirmation officers will be: Robert P. Munn, President and Chief Executive Officer; Carl A. Chase, Executive Vice President of Finance and Chief Financial Officer; and James E. Davis, Executive Vice President of Operations and Chief Operating Officer. New employment agreements for each of the aforementioned individuals were entered into prior to the Petition Date and the Debtor intends to assume such agreements pursuant to its Emergency Motion to Assume Executory Contracts and Unexpired Leases [Docket No. 14], which is scheduled to be heard at the same time as Confirmation. The Debtor attached the employment agreements to its Plan Supplement dated March 4, 2010 [Docket No. 69]. In addition, in a Plan Supplement dated February 23, 2010, the Debtor identified Robert P. Munn, R. Michael Rayburn, Jr., and Richard A. Heller as the three individuals who will serve as directors of the Reorganized Debtor. Resumes for each of the three proposed directors were attached to a Plan Supplement (Docket No. 64). Thus, the Debtor has adequately disclosed or

otherwise identified all individuals proposed to serve on or after the Effective Date as an officer or director of the Reorganized Debtor. The manner of selection and appointment of such officers and directors is consistent with the interests of the Debtor, its Estate, creditors, and with public policy and, accordingly, satisfies the requirements of Section 1123(a)(7) of the Bankruptcy Code.

14.     **Compliance With Bankruptcy Rule 3016.** The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

15.     **Compliance With Bankruptcy Rule 3017.** The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(a). The solicitation packages were transmitted to the holders of Claims and Interests in Classes 4(a), 4(b) and 10 prior to the Petition Date. Accordingly, Bankruptcy Rule 3017(d) does not apply.

16.     **Compliance With Bankruptcy Rule 3018.** The solicitation of acceptances and rejections of the Plan satisfies Bankruptcy Rule 3018(b). The solicitation package was transmitted prior to the Petition Date to the classes entitled to vote on the Plan (Classes 4(a), 4(b) and 10), adequate and sufficient time was prescribed for each such class to accept or reject the Plan, and the solicitation packages and the solicitation procedures comply with Section 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

17.     **Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** The Debtor has complied with all provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, unless the Court has dispensed with any such requirement.

18.     **Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3)).** The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section

FINDINGS OF FACT AND CONCLUSION OF LAW REGARDING APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION – PAGE 9
513854 000004 DALLAS 2587521.1

1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances of the record regarding the formulation of the Plan and its solicitation. The Debtor filed its Chapter 11 Case and proposed the Plan with legitimate and honest purposes including, among other things, to (a) effect the reorganization of the Debtor's business; and (b) restructure the Debtor's capital structure. Furthermore, the Plan reflects and is the result of arms' length negotiations between the Debtor and its major creditors, and is consistent with the best interests of the Debtor, its Estate and creditors.

19.     **Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)).** All payments made or to be made by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

20.     **Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5)).** The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the individuals who will serve as directors and officers of the Reorganized Debtor after confirmation of the Plan have been fully disclosed. Such individuals' appointment to such offices is consistent with the interests of holders of Claims against and Interests in the Debtor and with public policy. Additionally, the Debtor disclosed the identity and compensation of any insiders expected to be employed or retained by the Reorganized Debtor after the Effective Date.

21.     **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Debtor's Plan does not provide for any rate change that requires regulatory approval. Section 1129(a)(6) of the Bankruptcy Code is thus not applicable.

22.     **Best Interests Of Creditors (11 U.S.C. § 1129(a)(7)).** The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached as **Exhibit E** to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) is uncontroverted by other evidence, and (c) establishes that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

23.     **Deemed Acceptance Or Rejection By Certain Classes (11 U.S.C. § 1129(a)(8)).** Classes 1, 2, 3, 5, 6, 7 and 8 are classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code. Classes 11 and 12 are (a) not entitled to receive a distribution under the Plan, are deemed to have rejected the Plan, and are not entitled to vote to accept or reject the Plan. There are no Class 9 Intercompany Claims to be satisfied under the Plan.

24.     **Treatment Of Administrative And Priority Claims (11 U.S.C. § 1129(a)(9)).** The treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims pursuant to Article II of the Plan satisfies Sections 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code.

25.     **Acceptance of Impaired Classes (11 U.S.C. § 1129(a)(10)).** Classes 4(a), 4(b) and 10 are Impaired and voted to accept the Plan in accordance with Sections 1126(c) and (d) of the Bankruptcy Code. As set forth in the Tabulation Declaration, 100% in amount of those holders of Claims and Interests in Classes 4(a), 4(b) and 10 voting on the Plan voted to accept the Plan.

26.     **Feasibility (11 U.S.C. § 1129(a)(11)).** The financial information set forth in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing or in support of confirmation of the Plan with respect to feasibility, including the testimony of Carl A. Chase [and Loretta Cross], (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Reorganized Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

27.     **Payment Of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930, as determined by the Court have been paid or will be paid on the Effective Date pursuant to Article XI of the Plan, thereby satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

28.     **Retiree Benefits (11 U.S.C. § 1129(a)(13)).** The Debtor has no retiree benefits. Thus, the requirements of Section 1129(a)(13) are deemed satisfied.

29.     **Cramdown; Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)(2)(A)).** Prior to the Petition Date, the Debtor and the holders of Classes 4(a), 4(b) and 10 Claims/Interests negotiated the treatment provided in the Plan. As evidenced by the Tabulation Declaration, the requisite number in dollar amount and number of Claims/Interests in Classes 4(a), 4(b) and 10 voted to accept the Plan treatment. Accordingly, the requirements of Section 1129(b)(2)(A) of the Bankruptcy Code are satisfied. With respect to Class 11 and 12 Interests, which classes are deemed to have rejected the Plan, there is no holder of any interest that is junior to Class 11 that will receive or retain anything under the Plan. Accordingly, the requirements of Section 1129(b)(2)(C) of the Bankruptcy Code are satisfied. The Plan does not discriminate unfairly and is fair and equitable with respect to Impaired Classes 4(a), 4(b) and 10 as required by

Section 1129(b)(1) of the Bankruptcy Code, and thus can be confirmed notwithstanding the deemed rejection of the Plan by Classes 11 and 12.

30. **Valuation; Fair and Equitable; No Unfair Discrimination (11 U.S.C. §§ 1129(b)(1) and 1129(b)(2)(C)).** Except for Classes 4(a) and 4(b), the other classes of Claims will be paid in full in accordance with the Plan provisions. Classes 4(a) and 4(b) have accepted the Plan. Class 11 and Class 12 Interests are deemed to reject the Plan, as they are not entitled to receive a distribution under the Plan. The Court has heard the expert testimony offered by Loretta Cross on behalf of the Debtor. The Court's find the uncontroverted testimony offered by Loretta Cross to be credible as to the value of the Debtor. Based upon such expert testimony, and other testimony proffered or adduced, the Court finds that the assets of the Debtor would generate between $13 million and $20 million of net cash proceeds for distribution to creditors in the event of liquidation (the "Liquidation Analysis"). The liquidation values demonstrate that Class 4(a) and Class 4(b) would be the only classes to benefit from a liquidation, with estimated recoveries ranging 80% to 100% for Class 4(a) and up to 33% for Class 4(b). The remaining Classes would not receive a distribution on account of their Allowed Claims or Interests if the Debtor were to be liquidated. The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 11 and 12 as required by Section 1129(b)(1) of the Bankruptcy Code, in that there is insufficient value in the Debtor's assets to produce payment in full to Classes 4(a) and 4(b), which Classes have consented to payment or a distribution to all Classes senior to Classes 11 and 12. The Plan may be confirmed notwithstanding the Debtor's failure to satisfy Section 1129(a)(8) of the Bankruptcy Code as to Classes 11 and 12. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all classes of Claims and Interests, including, but not limited to, Classes 11 and 12.

31. **Burden Of Proof.** The Debtor, as proponent of the Plan, has met its burden of proving the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

32. **Only One Plan (11 U.S.C. § 1129(c)).** Other than the Plan, no other plan has been filed in the chapter 11 case. Therefore, the Plan satisfies Section 1129(c) of the Bankruptcy Code.

33. **Principal Purpose (11 U.S.C. § 1129(d)).** The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no party has objected to the confirmation of the Plan on any such grounds. Therefore, the Plan satisfies Section 1129(d) of the Bankruptcy Code.

34. **Good Faith Solicitation (11 U.S.C. § 1125(e)).** Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, equity holders, members, agents, advisors, accountants, financial advisors, consultants, attorneys, and other representatives have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules in connection with all of their activities relating to the solicitation of acceptances and rejections of the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation and injunctive provisions in the Plan, including those provisions set forth in Article X of the Plan.

35. **No Objection to Disposition of Contracts and Leases.** No party to an executory contract or unexpired lease to be assumed by the Debtor or rejected by the Debtor pursuant to Article V. of the Plan has objected to the assumption or rejection thereof.

36. **No Liquidation.** Because the Plan does not provide for the liquidation of all or substantially all of the property of the Debtor's estate, and the Reorganized Debtor will engage in business following consummation of the Plan, Section 1141(d)(3) of the Bankruptcy Code is not applicable.

37. **Satisfaction Of Confirmation Requirements.** The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

38. **Retention Of Jurisdiction.** The Court may properly retain jurisdiction over the matters set forth in Article IX of the Plan and Section 1142 of the Bankruptcy Code.

39. **Reorganized Debtor Not Liable For Pre-Effective Date Claims.** Except to the extent expressly stated under the Plan, the Reorganized Debtor shall not be liable as a successor or otherwise for any claim or cause of action arising prior to the Effective Date of the Plan.

40. **Reorganized Debtor to Resume Business in the Ordinary Course.** Except as otherwise agreed to by the Debtor and a vendor, the Reorganized Debtor shall continue its business practices and shall perform in accordance with existing contractual terms after the Effective Date. Any order of this Court (including any orders granting utility providers adequate assurance of performance during the pendency of this Chapter 11 Case) requiring the Debtor to perform in accordance with different terms shall have no force or effect post-Effective Date.

41. **Waiver Of Stay Under Bankruptcy Rules.** Under the totality of the circumstances, and based on the entire record made in this Chapter 11 Case, the fourteen-day stay imposed by Bankruptcy Rule 3020(e), and any other Bankruptcy Rule to the extent it may be applicable, including Bankruptcy Rules 6004 and 7062, hereby are waived.

DATED: March 11, 2010.

_____
**UNITED STATES BANKRUPTCY JUDGE**

FINDINGS OF FACT AND CONCLUSION OF LAW REGARDING APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION
AND CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION – PAGE 16

513854 000004 DALLAS 2587521.1